Edward M. Andries, Esq.
DC Bar No. 460526
Charles H. Carpenter, Esq.
DC Bar No. 432004
Pepper Hamilton, LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
Tel: (202) 220-1251

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KGB INTERNATIONAL, INC., a California corporation, CHANNEL IMPORTS, LLC, an Oregon limited liability company and SOUTH MILL DISTRIBUTION, INC. d/b/a ATLANTA SOUTH MILL DISTRIBUTION, LLC a Georgia Limited Liability Company** | ) ) ) ) ) ) ) | **Case No.:** |
| **Plaintiffs,** | ) ) | **CIVIL ACTION COMPLAINT** |
| vs. | ) ) ) | CASE NUMBER 1:06CV00272 |
| **SOUTHERN SOLUTIONS, INC. d/b/a SOUTHERN SOLUTIONS PRODUCE, LLC, a North Carolina corporation and TANIKKA WATFORD, an individual,** | ) ) ) ) ) | JUDGE: Richard W. Roberts  DECK TYPE: Administrative Agency Rev  DATE STAMP: 02/14/2006 |
| **Defendants.** | | |

For their complaint, Plaintiffs respectfully state as follows:

## THE PARTIES

1.     Plaintiff, KGB International, Inc. ("KGB"), is a California corporation with

its principal place of business located at 1175 Shaw Ave., #104 PMB 308, Clovis, CA 93612.

2.     Plaintiff, Channel Import, LLC, ("Channel"), is an Oregon limited liability

company with its principal place of business located at 11717 Kestrel Road, Klamath Falls,

OR 97601.

3.    Plaintiff, South Mill Distribution, Inc. d/b/a Atlanta South Mill Distribution, LLC ("South Mill"), is a Georgia limited liability company with its principal place of business located at 16 Forest Parkway, Building A13-15, Forest Park, GA 30297-2015.

4.    Plaintiffs are engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

5.    Defendants are:

    a.    Southern Solutions, Inc., also d/b/a Southern Solutions Produce, LLC ("Debtor" or "Southern Solutions").  Upon information and belief, Southern Solutions is a North Carolina corporation with its principal place of business located at 447 Valley Ave., S.E., Unit B2, Washington, DC 20032-3719 and with a warehouse and office located at 318 Browns Crossroads Road, Staley, NC 27355.

    b.    Tanikka Watford ("Watford"), an individual.  Upon information and belief, Watford is the President of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor.

6.    Southern Solutions and Watford will be collectively referred to as "Defendants."  Watford will be referred to as the "Principal."

## JURISDICTION AND VENUE

7.    The District Court has jurisdiction over this civil action arising under

§5(c)(5) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(5), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

8.    Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT SOUTHERN SOLUTIONS

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

9.    At all times relevant to this action, Southern Solutions was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-499t (the "PACA") and was licensed by the United States Department of Agriculture to do so.

10.    From December 30, 2005 through January 13, 2006, Plaintiff, KGB, sold to Southern Solutions in interstate commerce, and Southern Solutions purchased from KGB, Produce in the total amount of $33,345.86.

11.    From December 29, 2005 through January 16, 2006, Plaintiff, Channel, sold to Southern Solutions in interstate commerce, and Southern Solutions purchased from Channel, Produce in the total amount of $7,872.00.

12.     From January 16, 2006 through January 22, 2006, Plaintiff, Southern Mill, sold to Southern Solutions in interstate commerce, and Southern Solutions purchased from Southern Mill, Produce in the total amount of $74,414.90.

13.     Plaintiffs delivered the Produce to Southern Solutions and Southern Solutions accepted the Produce from Plaintiffs.

14.     Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Southern Solutions' receipt of the Produce, Southern Solutions became trustee of the PACA trust for the benefit of Plaintiffs in the amount of $115,632.76. The PACA trust consists of all Southern Solutions' inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

15.     Plaintiffs gave written notices of intent to preserve trust benefits to Southern Solutions in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices, and by sending those invoices to Southern Solutions.

16.     Southern Solutions has failed to make payment on the outstanding balance despite Plaintiffs' repeated demands.

17.     Pursuant to PACA 7 U.S.C. §499e(c), Plaintiffs are unpaid suppliers and sellers of Produce, and are entitled to PACA trust protection and payment from Southern Solutions' PACA Trust Assets.

18.    Plaintiffs seek the entry of an Order declaring that they are a PACA trust beneficiary of Southern Solutions with a valid PACA trust claim in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

## DEFENDANT SOUTHERN SOLUTIONS

## ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

### 7 U.S.C. §499e(c)(5)

19.    Plaintiffs re-allege paragraphs 1 through 18 as if stated herein.

20.    Southern Solutions is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiffs and other similarly situated PACA trust beneficiaries.

21.    Southern Solutions failed to pay Plaintiffs for the shipments of Produce listed above at paragraphs 10 through 12 from the PACA Trust Assets.

22.    As a direct result of Southern Solutions' failure to promptly pay Plaintiffs, Plaintiffs suffered damages that are covered under the PACA trust in the amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

23.    Plaintiffs seek the entry of an Order directing Southern Solutions to immediately turn over to the Plaintiffs, as beneficiaries of this trust, an amount of the PACA Trust Assets equal to the sum of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT SOUTHERN SOLUTIONS

## VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

### 7 U.S.C. §499b(4)

24.    Plaintiffs re-allege paragraphs 1 through 23 as if stated herein.

25.    Southern Solutions received each of the shipments of Produce identified in paragraphs 10 through 12 above.

26.    Plaintiffs properly preserved their trust benefits pursuant to 7 U.S.C. §499e(c)(4).

27.    The PACA requires Southern Solutions, as PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiffs and all other unpaid suppliers of Produce until all such suppliers have received full payment.

28.    Southern Solutions has failed to maintain sufficient PACA Trust Assets to fully satisfy all qualified PACA trust claims, including Plaintiffs' claims asserted herein.

29.    As a direct result of Southern Solutions' failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiffs have suffered damages, which are covered under the PACA trust, in the amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

30.    Plaintiffs seek entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Southern Solutions to maintain PACA Trust Assets equal to the sum of $115,632.76, plus the claims of all other unpaid suppliers

Civil Action Complaint

6

of produce that properly preserved their PACA Trust claims, directing Southern Solutions

to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims,

and enjoining Southern Solutions from dissipating PACA Trust Assets.

## COUNT IV

### DEFENDANT SOUTHERN SOLUTIONS

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

#### 7 U.S.C. §499b(4)

31.    Plaintiffs re-allege paragraphs 1 through 30 as if stated herein.

32.    Southern Solutions received each of the shipments of Produce identified in

paragraphs 10 through 12 above.

33.    PACA requires all commission merchants, dealers, or brokers to make full

payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R.

§46.2(aa).

34.    Southern Solutions failed to pay these invoices within the payment terms.

35.    As a direct result of Southern Solutions' failure to pay for each invoice

within the payment terms, the Plaintiffs have incurred damages in the total amount of

$115,632.76, plus interest from the date each invoice became past due, costs and attorneys'

fees.

36.    Plaintiffs seek entry of an Order directing Southern Solutions to

immediately pay Plaintiffs the sum of $115,632.76, plus interest from the date each invoice

became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT SOUTHERN SOLUTIONS

## BREACH OF CONTRACT

37.    Plaintiffs re-allege paragraphs 1 through 36 as if stated herein.

38.    Plaintiffs and Southern Solutions entered into contracts under which Plaintiffs agreed to sell the Produce and Southern Solutions agreed to purchase the Produce, as described in paragraphs 10 through 12 above.

39.    Southern Solutions breached its contracts with Plaintiffs by failing to pay for each shipment of Produce.

40.    As a direct result of Southern Solutions' breach of contract, the Plaintiffs have incurred damages in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

41.    Plaintiffs seek entry of an Order entering judgment in favor of Plaintiffs and against Southern Solutions in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPAL – TANIKKA WATFORD

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARY

42.    Plaintiffs re-allege paragraphs 1 through 41 as if stated herein.

43.    At all times relevant to this action, the Principal was an officer, director, shareholder or employee of Southern Solutions.

44.    As a Principal of Southern Solutions, the Principal had a duty to ensure that

Civil Action Complaint                                                                                            8

Southern Solutions fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiffs, as they became due.

45.    The Principal had full knowledge and responsibility for the handling of Southern Solutions' duties as trustee of the PACA trust.

46.    The Principal controlled or had a duty to control Southern Solutions' operations and financial dealings, including those involving the PACA Trust Assets.

47.    Southern Solutions breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

48.    The Principal breached her fiduciary duty to direct Southern Solutions to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiffs for the Produce they supplied to Southern Solutions.

49.    As a direct result of the Principal's breach of her fiduciary duty, the Plaintiffs have incurred damages in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

50.    The Principal is personally liable to Plaintiffs for her breach of fiduciary duty in dissipating the PACA trust to the extent of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

51.    Accordingly, Plaintiffs seek entry of an Order entering judgment in favor of Plaintiffs and against the Principal in the total amount of $115,632.76, plus interest from

the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

## COUNT VII

## THE PRINCIPAL – TANIKKA WATFORD

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

52.    Plaintiffs re-allege paragraphs 1 through 51 as if stated herein.

53.    Upon information and belief, Southern Solutions transferred PACA Trust Assets to the Principal.

54.    These transfers were made in breach of the PACA trust.

55.    The Principal continues to hold any and all PACA Trust Assets having come into her possession as trustee for Plaintiffs' beneficial interest in the PACA Trust.

56.    As a direct result of the Principal's receipt of PACA Trust Assets, the Plaintiffs have incurred damages in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

57.    Accordingly, Plaintiffs seek entry of an Order requiring the Principal to disgorge and transfer any and all PACA Trust Assets that come into her possession and control to Plaintiffs to the extent of $115,632.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets.

//

## COUNT VIII

## THE PRINCIPAL – TANIKKA WATFORD

## FRAUDULENT TRANSFER

D.C. Code § 28-3101, *et. seq.* (2006)

58.    Plaintiffs re-allege paragraphs 1 through 57 as if stated herein.

59.    Upon information and belief, Southern Solutions transferred its assets to the Principal and to other unknown third parties.

60.    These transfers were made after the claims of Plaintiffs and other PACA trust beneficiaries arose.

61.    These transfers were made to or for the benefit of insiders of Southern Solutions on antecedent debts.

62.    The transfers were made without consideration.

63.    Southern Solutions was insolvent at the time of these transfers.

64.    At the time of these transfers, the recipients had reasonable cause to believe that Southern Solutions was insolvent.

65.    These transfers were fraudulent transfers as proscribed by the District of Columbia's Debtor and Creditor Law, D.C. Code § 28-3101, *et. seq.* (2006).

66.    Accordingly, Plaintiffs seek entry of an Order avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiffs to the extent of $115,632.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiffs respectfully request the entry of an Order providing as follows:

A)   As to Count I, declaring that Plaintiffs are PACA trust beneficiaries of Southern Solutions with valid PACA trust claims in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

B)   As to Count II, directing Southern Solutions to immediately turn over to the Plaintiffs, as beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

C)   As to Count III, directing Southern Solutions to maintain PACA Trust Assets equal to the sum of $115,632.76, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Southern Solutions from dissipating PACA Trust Assets and directing Southern Solutions to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims.

D)   As to Count IV, directing Southern Solutions to immediately pay Plaintiffs the sum of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

E)   Enter Final Judgment in favor of Plaintiffs and against Southern Solutions on Counts I through V, in the aggregate amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

Civil Action Complaint

F)    As to Count VI, entering judgment in favor of Plaintiffs and against the Principal in the total amount of $115,632.76, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

G)    As to Count VII, requiring the Principal to disgorge and transfer any and all PACA Trust Assets that came into her possession and control to Plaintiffs in the amount of $115,632.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets.

H)    As to Count VIII, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiffs in the amount of $115,632.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets.

I)    Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

//

//

//

//

Civil Action Complaint

Respectfully submitted this 14th day of February, 2006.

**PEPPER HAMILTON, LLP**

MEUERS LAW FIRM, P.L.

By: _____

Lawrence H. Meuers, Esq.
Fla. Bar No. 0934879
Aaron J. Pruss, Esq.
Fla. Bar No. 0015656
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
apruss@meuerslawfirm.com

Edward M. Andries, Esq.
DC Bar No. 460526
Charles H. Carpenter, Esq.
DC Bar No. 432004
Pepper Hamilton, LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
Tel: (202) 220-1251
Fax: (202) 220-1665

Attorneys for Plaintiffs