Edward M. Andries, Esq.
DC Bar No. 460526
Charles H. Carpenter, Esq.
DC Bar No. 432004
Pepper Hamilton, LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
Tel: (202) 220-1251

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KGB INTERNATIONAL, INC.**, a California corporation, **CHANNEL IMPORTS, LLC**, an Oregon limited liability company and **SOUTH MILL DISTRIBUTION, INC. d/b/a ATLANTA SOUTH MILL DISTRIBUTION, LLC** a Georgia Limited Liability Company<br><br>   **Plaintiffs,**<br>vs.<br><br>**SOUTHERN SOLUTIONS, INC. d/b/a SOUTHERN SOLUTIONS PRODUCE, LLC**, a North Carolina corporation and **TANIKKA WATFORD**, an individual,<br><br>   **Defendants.** | ) Case No.:<br>)<br>)<br>) **DECLARATION OF DAVE BIALEK IN**<br>) **SUPPORT OF PLAINTIFFS' MOTION**<br>) **FOR PRELIMINARY INJUNCTION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I, Dave Bialek, being duly sworn, depose and state as follows:

1. I am the Salesman for South Mill Distribution, Inc. d/b/a Atlanta Southern Mill Distribution, LLC ("South Mill") (South Mill will also be referred to as "Plaintiff") and, in such capacity, file this Declaration in support of Plaintiffs' Motion for Preliminary Injunction against Southern Solutions, Inc. d/b/a Southern Solutions Produce, LLC ("Southern Solutions") and Tanikka Watford ("Watford"), individually, (Southern Solutions and Watford will be collectively referred to as the "Defendants").

2. I am authorized to make this Declaration and am competent to testify at trial regarding the statements made herein.

3. Plaintiff, South Mill, seeks a Preliminary Injunction ("P.I.") in this matter to preserve its beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act of 1930 as amended, 7 U.S.C. §§499a-499t (the "PACA"). The PACA trust assets are now in the Defendants' possession and control.

## ACCOUNT HISTORY

4. South Mill is a PACA licensee (PACA License No. 20000836).

5. South Mill sold perishable agricultural commodities (hereinafter "Produce") to Southern Solutions as described in the chart included with attached Composite Exhibit "A." As reflected on the chart, Southern Solutions received and accepted the Produce and no adjustments have been made on the invoice amount except as listed. This chart uses the following terms, which shall have the following described meaning:

   A. **Invoice Number** refers to the number under which the commodity was sold to Southern Solutions.

   B. **Date of Transaction** refers to the date that begins the payment term between South Mill and Southern Solutions.

   C. **Date of Shipment** refers to the date Produce was delivered to Southern Solutions.

   D. **Invoice Amount Due** refers to the total amount owed and remaining unpaid, regardless of whether the particular invoice amount qualifies for trust protection.

   E. **Trust Amount** refers to the amount owed and remaining unpaid that is entitled to trust protection due to South Mill's satisfaction of the applicable PACA regulations.

6. Included in Composite Exhibit "A" are true and accurate copies of all the invoices that contained the statutory trust language.

7. Each invoice was properly addressed and mailed to Southern Solutions via U.S.

Mail, postage pre-paid, in the ordinary course of business as indicated on each invoice included with Exhibit "A."

8. The Produce Plaintiff sold to Southern Solutions consisted of various produce, including, but not limited to, lettuce, asparagus, watermelon, onion, potatoes, tomatoes, lemons, etc., all of which were shipped in interstate commerce and, accordingly, subject to the provisions of the PACA.

9. Southern Solutions has not paid the invoices and, upon information and belief, Southern Solutions does not have sufficient funds to fully satisfy Plaintiff's PACA trust claims in full, as required under the PACA. This dissipation of the trust is due to Southern Solutions' diversion of the PACA trust assets to the claims of other non-PACA trust creditors that are subordinate to the PACA trust claims of Plaintiff or to Watford for her own personal use.

## EVIDENCE OF TRUST DISSIPATION

10. Because Southern Solutions has been unable to satisfy Plaintiffs' PACA trust claims, I, on behalf of Plaintiff, South Mill, began investigating Southern Solutions' financial condition. All of the information I have discovered concerning the financial condition of Southern Solutions has led me to believe that Southern Solutions has failed to maintain sufficient PACA trust assets to pay the amounts owed to Plaintiffs and is dissipating those assets.

11. South Mill has been doing business with Southern Solutions only since early January of 2006. South Mill has not received a single payment for produce sold between January 16, 2006 and January 22, 2006.

12. Southern Solutions accepted at least five (5) truckloads of varying types of produce from Plaintiff.

13. In late January, 2006, I realized that Southern Solutions had not made payment on

its outstanding invoices.

14. On February 1, 2006, I paid a personal visit to Southern Solutions in Staley, North Carolina, but was not able to meet with Tanikka Watford.

15. I returned to Southern Solutions' warehouse in Staley, NC on February 7th in an attempt to obtain payment from Tanikka Watford. Again, I did not meet with her.

16. I spoke with a gentleman by the name of Jesse Moore—who upon information and belief is Tanikka Watford's step-father—who told me that the U.S. Military is slow to pay for the produce and, presumably, that is one of the reasons Defendants have not and cannot pay.

17. I have made numerous calls to Tanikka Watford since late January and she has failed to return or otherwise respond to them.

18. Based upon my conversation with Watford's apparent step-father and her failure to even return a simple phone call, I believe that no further payments will be forthcoming because I was told by Watford's step-father that Southern Solutions will not be able to pay Plaintiffs until she receives funds from other sales.

19. Based upon the foregoing, I believe that Southern Solutions has failed to maintain sufficient trust assets to satisfy its obligations to Plaintiff, and is dissipating PACA trust assets.

20. Based on my personal experience, it appears that Southern Solutions has and is continuing to dissipate the PACA trust to the point that Southern Solutions is unable to satisfy not only the amounts owed to Plaintiff, but also the claims of other similarly situated PACA trust claimants who may be unaware of the dissipated condition of the PACA trust. Thus, unless Southern Solutions is forced to satisfy its non-Produce debt and other operating expenses out of its profit margin and not by dipping into the PACA trust assets, Southern Solutions will continue to aggravate the situation through further dissipation of the PACA trust.

21. Based on my experience in the collection of Produce related receivables, I have found that when a situation has deteriorated to this extent, it inevitably leads to the liquidation of the entity charged with maintaining the PACA trust. My experience has also proven such dissipation will undoubtedly continue until any hope of recovery is lost, thereby rendering the trust protection under the PACA a meaningless formality.

**I declare, under penalty of perjury as set forth in 28 U.S.C. § 1746, the foregoing statements to be true and correct.**

_____
Dave Bialek, Salesman

Declaration of Ken Galloway in Support of Plaintiff's Motion for Temporary Restraining Order