**FILED**
**JAN 2 6 2000**
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DOLE FRESH FRUIT COMPANY | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:00-330 |
| | ) | |
| vs. | ) | JUDGE _____ |
| | ) | |
| PRICE BANANAS, INC., WILLIAM P. | ) | |
| PRICE, SR.; WILLIAM P. PRICE, JR. | ) | |
| and LAWRENCE S. PRICE, | ) | TEMPORARY RESTRAINING ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff's' Motion for Temporary Restraining Order Without Notice pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the affidavit of John Bishop of Dole Fresh Fruit Company that Plaintiff is a produce dealer and creditor of Defendant Price Bananas, Inc. ("Price Bananas") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c) and has not been paid $81,605.50 for produce purchased by Price Bananas, as required by the PACA. It is also clear that Defendant Price Bananas is in severe financial jeopardy and the PACA trust assets



1

are being threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). Based upon the affidavit and certification of counsel, it appears that Defendant Price Bananas is not or may not be in a position to pay creditors' claims. JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990).

These same pleadings and supporting documents establish the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, affidavit and other submissions Plaintiff filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without Notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4). In accordance with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.



Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

2

**THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants, Price Bananas, Inc., William P. Price, Sr., William P. Price, Jr. and Lawrence S. Price, their officers, assigns, and any of their banking institutions, including, but not limited to Wachovia Bank of South Carolina and Nations Bank, must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of personal or business related assets to any creditors, persons or entities until further Order of this Court or until Defendants pay Plaintiff the sum of $81,605.50.

2. If Defendants fail to pay Plaintiff in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and Plaintiff's attorneys for all accounts payable, accounts receivable and all other assets subject to the PACA trust and the regulations promulgated thereunder.

3. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions with which they do business or who may be holding any assets for or on behalf of any Defendants.



4. Because Defendants already possess $81,605.50 of PACA trust assets, which is the Plaintiff's property and this Order merely requires the Defendants to obey the requirements of federal law, no bond is required in this matter.

5. A Preliminary Injunction Hearing is hereby set for the ___9th___ day of __February__, 2000 at __2:30__ o'clock.

3

6.  Plaintiff shall immediately serve a true and correct copy of this Order on the Defendants, Wachovia Bank of South Carolina and NationsBank, N.A..

DONE and ORDERED, this __26__ day of January, 2000 at __Columbia__, South Carolina.

Senior United States District Judge
District of South Carolina

Copies furnished:

Isaacs & Alley, LLP
Meuers Law Firm, LLP

4