UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
AUG 2 6 1998
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| FRESH AMERICA, INC. d/b/a TOMAHAWK PRODUCE, ) ) ) Plaintiffs, ) ) v. ) ) ASHEVILLE PRODUCE & PROCESSING LIMITED, INC. and FRANKLIN V. BROOKS, individually, ) ) ) ) ) Defendants. ) | Case No. 1:98cv188-T |

## TEMPORARY RESTRAINING ORDER

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date set forth below. The Court considered the Application, the Affidavits and all related moving papers. The Plaintiff's Affidavit demonstrates defendants, Asheville Produce & Processing Limited, Inc. (the "Debtor"), and Franklin V. Brooks, individually (the "Principal") (the Debtor and the Principals are collectively referred to herein as the "Defendants"), purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (1984 & Supp. 1997) (the "PACA").

These same pleadings and supporting documents establish the Debtor has either dissipated the PACA trust or has presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the

AUG-26-98 WED 04:48 PM    VAN WINKLE LAW FIRM    FAX NO. 7042555   5    P. 03

Debtor's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants, Asheville Produce & Processing Limited, Inc. (the "Debtor"), and Franklin V. Brooks, individually, and their respective agents, officers, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further Order for this Court or until Defendants pay Plaintiff the sum of $29,278.83.

2. If Defendants fail to pay the Plaintiff in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

3. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions with which either of the Defendants does any business, may do any business with or who may be holding any assets for or on behalf of either of the Defendants.

4. Because Defendants already possess $29,278.83 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $0.00.

5.  A Preliminary Injunction Hearing is hereby set for _September 4_, 1998 at 10:00 AM o'clock in Courtroom ___#1___ of the U.S. Courthouse, in Asheville, North Carolina.

6.  Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.

DATE: 8-26-98                ENTER: 2:50 p.m.

_____
United States District Judge

3