UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| KGB INTERNATIONAL, INC., a California corporation, CHANNEL IMPORTS, LLC, an Oregon limited liability company and SOUTH MILL DISTRIBUTION, INC. d/b/a ATLANTA SOUTH MILL DISTRIBUTION, LLC a Georgia Limited Liability Company<br><br>Plaintiffs,<br>vs.<br><br>SOUTHERN SOLUTIONS, INC. d/b/a SOUTHERN SOLUTIONS PRODUCE, LLC, a North Carolina corporation and TANIKKA WATFORD, an individual,<br><br>Defendants. | Case No.:<br><br>**ORDER TO SHOW CAUSE FOR WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED** |

Upon the Declaration of Kenneth C. Galloway, President for Plaintiffs, KGB International, Inc. ("KGB") and Channel Imports, LLC ("Channel"), sworn on the 7th day of February, 2006; the Declaration of Dave Bialek, Salesman for Plaintiff, South Mill Distribution, Inc. d/b/a Atlanta South Mill Distribution, LLC ("South Mill"), sworn on the 10th day of February, 2006; Memorandum of Law; and other pleadings, papers and proceedings heretofore herein, let the Defendant, Southern Solutions, Inc. d/b/a Southern Solutions Produce, LLC ("Southern Solutions") show cause before this Court on the _____ day of _____, 2006 at _____ __. m. of that day or as soon thereafter as counsel can be heard, at the United States Courthouse, 333 Constitution Ave., N.W., Court Room _____, Washington, D.C., before the Honorable _____, why an order for Preliminary Injunction should not be entered pursuant to Rule 65(a) of the

1

Federal Rules of Civil Procedure enforcing the statutory trust pursuant to Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c), by segregating all trust assets of Southern Solutions. Sufficient cause appearing therefore, it is:

**ORDERED**, that pending hearing and determination of this Order to Show Cause, Defendant, Southern Solutions, its agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any PACA trust assets, without agreement of the parties or until further order of this Court, or until said Defendant pays Plaintiffs the principal sum of $115,632.76 by cashier's check or certified check. Under §499e(c)(2) of PACA, trust assets include perishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, and it is further

**ORDERED**, that this Order shall be binding upon the parties to this action, their officers, agents, employees, banking institutions, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise, and it is further

**ORDERED**, that Plaintiffs are not required to give security in view of the fact that Defendant, Southern Solutions, now holds $115,632.76 of PACA trust assets which are the Plaintiffs' property and that this Order merely requires the Defendant corporation to obey the requirements of federal law, and it is further

**ORDERED**, that service of a copy of this Order, together with the annexed declarations and memorandum of law, by personal service, including by facsimile transmission or federal express, on or before the _____ day of February, 2006, shall be deemed good and sufficient service.

**DONE and ORDERED**, this ___ day of February, 2006 at Washington, DC.

_____
**United States District Judge
District of Columbia**